IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **MARIO A. BARBOZA,** § § | |
| **Plaintiff,** § § | |
| v. § § | Civil Action No.: 4:20-cv-104-KPJ |
| **WEINSTEIN & RILEY, P.S.; and PALLIDA LLC.,** § § § § | |
| **Defendants.** § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendants Weinstein & Riley, P.S. ("Weinsten") and Pallida LLC's ("Pallida") (together, "Defendants") Motion to Dismiss Under Rule 12(b)(6) (the "Motion") (Dkt. 2), to which Plaintiff Mario A. Barboza ("Plaintiff") filed a response (the "Response") (Dkt. 14), and Defendants filed a reply (the "Reply") (Dkt. 23).

Upon consideration, the Motion is **DENIED**.

**I.   BACKGROUND**

Plaintiff contends he has been a resident of Collin County, Texas, at all times continuously since November of 2005. *See* Dkt. 1 at 3. On September 10, 2010, Pallida's predecessor, Pharia, L.L.C., filed suit against Plaintiff in Denton County, Texas, to recover the balance due on Plaintiff's personal credit card (the "Credit Card Suit"). *See* Dkt. 1 at 3. In February 25, 2011, a consumer default judgment (the "Default Judgment") was obtained against Plaintiff in the Credit Card Suit. *See id*.

On or about February 14, 2019, Defendants filed a garnishment action (the "Garnishment Action") in Denton County, Texas, to collect on the Default Judgment against JPMorgan Chase Bank, N.A. ("JPMorgan"). *See id*. Defendants served JPMorgan with a Writ of Garnishment, and

Plaintiff's account at JPMorgan was frozen for a period of time. *See* Dkt. 1 at 4. Plaintiff filed this Fair Debt Collection Practices Act ("FDCPA") suit on February 12, 2020, alleging that in filing the Garnishment Action, Defendants violated 15 U.S.C. § 1692i. *See generally* Dkt. 1. Plaintiff further alleges Pallida is liable for a state law claim of distant forum abuse pursuant to the Texas Deceptive Trade Practices Act ("DTPA"), Tex. Bus. & Com. Code § 17.46(b)(23). *See id*.

## II.     LEGAL STANDARD

When considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must assume all well-pleaded facts in the complaint are true and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 218 (5th Cir. 2012).

To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility does not mean probability, but it requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 687 (2009). To be plausible, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A plaintiff's obligation to provide the grounds of his entitled-to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. The plaintiff must plead specific facts, not merely conclusory allegations, to avoid dismissal. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

## III.     ANALYSIS

The FDCPA seeks to eliminate "abusive, deceptive, and unfair debt collection practices" by regulating the type and number of contacts a "debt collector" can make with a debtor. 15 U.S.C.

§ 1692. The purpose of the statute is to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). "Because Congress 'intended the FDCPA to have a broad remedial scope,' the FDCPA should 'be construed broadly and in favor of the consumer.'" *Salinas v. R.A. Rogers, Inc.*, 952 F.3d 680, 683 (5th Cir. 2020) (quoting *Daugherty v. Convergent Outsourcing, Inc.*, 836 F.3d 507, 511 (5th Cir. 2016)).

Defendants argue Plaintiff fails to state a FDCPA claim because the statute of limitations has expired. *See* Dkt. 2 at 6. The FDCPA has a one-year statute of limitations. *See* 115 U.S.C. § 1692k(d). The statute of limitations begins to run on the date of the FDCPA violation. *See Rotkiske v. Klemm*, 140 S. Ct. 355, 361 (2019). Defendants argue the statute of limitations on the alleged violation for filing the Credit Card Suit in a distant forum expired more than eight years ago. *See* Dkt. 2 at 6. Defendants further argue the Garnishment Action did not start a new running of a one-year statute of limitations. *See id.* at 7. Finally, Defendants argue for the first time in the Reply that the Garnishment Action was not an action against Plaintiff, and thus, the FDCPA does not apply. *See* Dkt. 23 at 3.

Plaintiff contends the FDCPA affords the Court the power to address unfair and deceptive collection practices not specifically addressed by legislation and that Plaintiff's claim should be liberally construed. *See* Dkt. 14 at 3. Plaintiff cites *Randall v. Maxwell & Morgan, P.C.*, 321 F.Supp.3d 978 (D. Ariz. 2018), as supporting a two-step analysis to determine whether there can be a FDCPA violation for a post-judgment garnishment action that turns on whether the underlying judgment was obtained in the proper venue. *See* Dkt. 14 at 6.

### A. THE CREDIT CARD SUIT

Neither Plaintiff nor Defendants cite any Fifth Circuit law relevant to the present matter. The Fifth Circuit has, however, weighed in on the date of accrual of a statute of limitations for a violation of Section 1692i. In *Serna v. Law Office of Joseph Onwuteaka, P.C.*, the Fifth Circuit determined that, "[b]ecause the harm of responding to a suit in a distant forum arises only after receiving notice of that suit, a 'violation' does not arise under § 1692i(a)(2) until such time as the alleged debtor receives notice of the suit." 732 F.3d 440, 445 (5th Cir. 2013). The Fifth Circuit expounded that its holding was supported by the history of the adoption of Section 1692i:

> The origins of § 1692i(a)(2) can be traced to the Federal Trade Commission's ("FTC") fair-venue standards, which "provide[ ] that if a creditor sues a consumer for a delinquent account, the creditor may sue the consumer only in the judicial district in which the consumer resides at the beginning of the action or signed the contract sued upon." *In re J.C. Penney Co.*, No. 852–3029, 1986 WL 722090, at *4 (F.T.C. July 17, 1986). The FTC adopted these standards after observing that "[k]nowingly filing actions in distant counties in order to gain an unconscionable advantage [was] not a unique or isolated practice, but instead ha[d] been continuously identified ... as a widespread and common abuse in the debt collection field." *In re Spiegel, Inc.*, [No. 8990, 1975 WL 173254, at *6 (F.T.C. Aug. 18, 1975)].
>
> Following the FTC's implementation of the fair-venue standards, Congress observed the importance of "address[ing] the problem of 'forum abuse,' an unfair practice in which debt collectors file suit against consumers in courts which are so distant or inconvenient that consumers are unable to appear." S.Rep. No. 95–382, at 5, *reprinted in* 1977 U.S.C. C.A.N. 1695, 1699. To remedy this problem and prevent debt collectors from unfairly pursuing debt-collection actions against consumers in distant forums with the goal of receiving default judgments, Congress "adopt[ed] the 'fair venue standards' developed by the [FTC]." *Id.*

*Serna*, 732 F.3d at 446–47.

None of the filings presently before the Court discuss when Plaintiff became aware of the Credit Card Suit. Therefore, even if the filing of the Garnishment Action did not trigger a one-year statute of limitations, it is not clear that the statute of limitations with regard to the Credit Card Suit ever accrued. For this reason alone, the Motion should be denied.

### B. THE GARNISHMENT ACTION

The Court also considers the two-pronged approach, referenced by Plaintiff, in determining whether a garnishment action can be considered a legal action under Section 1692i, such that the one-year statute of limitations would accrue from Plaintiff's notice of the Garnishment Action. Section 1692i requires "any debt collector who brings any legal action on a debt against any consumer" to "bring such action only in the judicial district or similar legal entity (A) in which such consumer signed the contract sued upon; or (B) in which such consumer resides at the commencement of the action." 15 U.S.C. § 1692i(a)(2).

In *Endicott-Johnson Corp. v. Encyclopedia Press*, the Supreme Court made clear that garnishment actions are not wholly new actions. 266 U.S. 285, 288 (1924). However, courts have determined there are circumstances under which a Section 1692i claim can be asserted for filing a garnishment action. In *Fox v. Citicorp*, the Ninth Circuit found that an application for a writ of garnishment falls within the FDCPA's venue provision, holding that "[t]he plain meaning of the term 'legal action' encompasses all judicial proceedings, including those in enforcement of a previously-adjudicated right. Because 'debt' includes obligations reduced to judgment, any judicial proceeding relating to such a judgment constitutes a 'legal action on a debt.'" 15 F.3d 1507, 1515 (9th Cir. 1994).

As previously noted, Defendants argue in the Reply that the FDCPA does not apply to the Garnishment Action because it is not an action against Plaintiff, but rather, the garnishee. *See* Dkt. 23 at 3. Many courts also analyze whether a garnishment action—though a legal action on a debt— is an action "against any consumer," as required under the statute. The case law indicates, however, this determination requires a consideration as to whether the underlying judgment was obtained in the proper venue—a two-step analysis. *See, e.g., Cole v. Cardez Credit Affiliates, LLC*, No. 1:14-

5

CV-00077-REB, 2015 WL 1281651, at *5 (D. Idaho Mar. 19, 2015) ("[S]o long as the underlying proceeding that generates a subsequent enforcement/collection action is brought in an appropriate venue under the FDCPA, courts can (and arguably should) look to state law to determine whether a legal action on a debt—e.g., an enforcement/collection action—is 'against' a consumer/ judgment debtor or some other third party."); *Randall v. Maxwell & Morgan, P.C.*, 321 F.Supp.3d 978, 983 (D. Ariz. 2018) ("Here, because Plaintiff had the opportunity to defend herself in a forum that satisfied § 1692i, the concerns expressed by the Ninth Circuit in *Fox* are assuaged and the FTC's rationale for allowing a garnishment action in a different forum is applicable."); *Pickens v. Collection Servs. of Athens, Inc.*, 165 F.Supp.2d 1376, 1381 (M.D. Ga. 2001) ("The original proceeding should have complied with the FDCPA and been brought against the debtor in one of the jurisdictions provided for under the venue provision."); *Muhammad v. Reese Law Group*, No. 16CV2513-MMA (BGS), 2017 WL 4557194, at *7 (S.D. Cal. Oct. 12, 2017) (applying the two-step analysis of *Cole*).[1]

These holdings are supported by commentary from the Federal Trade Commission on interpretation of § 1692i. *See* Statements of General Policy or Interpretation Staff Commentary On the Fair Debt Collection Practices Act, 53 Fed. Reg. 50097-02, 50109 (Dec. 13, 1988) ("If a judgment is obtained in a forum that satisfies the requirements of [§ 1692i], it may be enforced in another jurisdiction, because the consumer previously has had the opportunity to defend the original action in a convenient forum."). The two-step analysis, however, has not been uniformly adopted. *See, e.g. LeBrun v. Blitt and Gaines, P.C.*, No. 14-cv-10232, 2015 WL 4978689, at *4 (N.D. Ill. Aug. 19, 2015) ("[T]he location of the original collection action filing is not relevant to

---

[1] Defendants state that "the cases address whether the plaintiffs had a claim and not whether the claim was precluded by an expired statute of limitations." Dkt. 23 at 3. This is a distinction without a difference. Whether the statute of limitations starts from the Garnishment Action relates specifically to whether Plaintiff has a claim under the FDCPA for filing of the Garnishment Action.

the issue of whether or not a wage garnishment action is against the consumer. It is improper to allow recovery for the collections action as the one year statute of limitations has expired, and therefore this case may only focus on the wage garnishment.").

Defendants argue the two-step process appears to be unique to the Ninth Circuit.[2] *See* Dkt. 23 at 3. The Court is not convinced that the mere absence of case law on this issue in the Fifth Circuit is sufficient reasoning to ignore the logic presented by the cases cited herein. The Court finds the analysis in *Cole* to be particularly compelling. In *Cole*, the district court applied the two-step analysis, noting why the venue provision should be broadly interpreted to require a determination of whether the underlying judgment was obtained in the proper venue:

> Otherwise, a debt collector can knowingly bring an action in the wrong venue, secure a default judgment against a none-the-wiser debtor (changing venue before then if he absolutely must), lay low for a while so as not to prompt any FDCPA claim for what has transpired up to that point, and then initiate post-judgment collection efforts after the statute of limitations for claims that might otherwise challenge the merits of the judgment itself had run. To allow for such a scenario would run directly against the grain of the purpose of the FDCPA, and would permit an end-run around consumer protections that the FDCPA was enacted to implement.

2015 WL 1281651, at *7.

The Court is convinced the two-step analysis supports the purpose of the FDCPA, given that the Fifth Circuit has instructed that the FDCPA should "be construed broadly and in favor of the consumer." *Salinas*, 952 F.3d at 683. The Court recognizes case law in the Fifth Circuit is not developed on this particular issue, but suggests that the two-step analysis can be squared with the language of the statute as follows: When a debt collector brings a garnishment action based on a default judgment obtained in the wrong venue, the Court finds it reasonable to interpret the action as "against any consumer," for the consumer, while not the subject of the garnishment action,

---

[2] The Court notes that *Pickens*, out of the Eleventh Circuit, applied the two-step analysis in principle if not in name. *See Pickens*, 165 F.Supp.2d at 1381.

7

experiences the inability to have his day in court, in a proper venue, on the merits of the judgment. Here, the reasoning stated in *Cole* applies. As alleged, the Credit Card Suit was filed in the wrong venue, and hence, the Default Judgment was secured in the wrong venue. *See* Dkt. 1 at 3.

The Court finds Defendants have failed to demonstrate that the statute of limitations bars Plaintiff's FDCPA claim, both with regard to the Credit Card Suit and with regard to the Garnishment Action. The Court finds dismissal of the FDCPA claim is, therefore, not appropriate at this time.

### C.  STATE LAW CLAIM

Defendants also argue that, after the Court dismisses the FDCPA claim, it should not exercise supplemental jurisdiction over the state law DTPA claim against Pallida. *See* Dkt. 2 at 7. "[W]hen the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." *Beller-Lopez v Dodeka, LLC*, 711 F. Supp. 2d 679, 683 (E.D. Tex. 2010). Having determined Plaintiff's FDCPA claims should not be dismissed, the Court also denies Defendants' request for dismissal of Plaintiff's state law claim.

### IV.  CONCLUSION

For the foregoing reasons, the Court finds that Defendants Weinstein & Riley, P.S. and Pallida LLC's Motion to Dismiss Under Rule 12(b)(6) (Dkt. 2) is **DENIED**.

**So ORDERED and SIGNED this 1st day of October, 2020.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE